In the matter of JAMES LAWSON, jun., Sheriff.

The Sheriff of Pulaski county is bound to be at all times in attendance on this Court, when in session.

If he is absent on other official business, and leaves the Court without an officer, he is guilty of contempt.

During the present term, the Sheriff was fined five dollars, for not being in attendance when it was required in the execution of an order of the Court. On the same day, an application was made by him to remit the fine, in support of which, he made an affidavit that his absence was but momentary, and occurred in the discharge of his official duties, and that said absence did not occur in neglect or disregard of his duties to said Court.

DICKINSON, J., delivered the opinion of the court:

What the Sheriff's official duties were, we are utterly ignorant. He was not, at the time, engaged in the discharge of any order of *this Court*, which authorized his absence. And it is certainly true, the proceedings of the Court, in the adjudication of the case then pending, were suspended, for the want of a proper officer to call the parties, before any further progress in the cause could be made.

The facts occurred within our knowledge, and therefore we cannot be mistaken. The affidavit is not explanatory, but, on the contrary, in express contradiction to the judgment of the Court. The Sheriff is not only bound to be at all times in attendance, as a duty enjoined upon him by law, but is allowed an extra compensation for this service.

A Court cannot be subordinate to its officers, or suspend its proceedings for their convenience, or to enable them to discharge other duties than those required of them by the Court in session. They must be prompt and ready, in person, or by competent deputies, to execute its mandates when given. The motion to remit must therefore be overruled, with costs.